Yes, Your Honor. In re KVASSAY, Troy A. Stewart, Counsel for Appellants Peter Emanuel KVASSAY and Richard Steven KVASSAY, Matthew A. Lentnik, Counsel for Appellees Robert D. KVASSAY Counsel, we have looked at this case and, please be seated, and they're consolidated cases, the issues on both cases are the same, and so you have 15 minutes on the side. The appellant, please come forward, introduce themselves. Good morning, Your Honors. My name is Troy A. Stewart, and I represent the appellants Peter E. KVASSAY and Richard S. KVASSAY in cases 18-1148 and 18-1149, respectively. And sometimes I get cottonmouthed, so if... How much time would you like to reserve? I think at this point, Your Honor, I would like to reserve at least five minutes, and if there's any additional time after my opening, I would like to reserve that as well. We will take a note. I will tell you when five minutes is left, and that's how much time you have reserved for rebuttal. Your Honors, the motions or the summary judgments were entered on May 31, 2018, and at that time, the bankruptcy court judge, Judge Saltzman's motions for partial summary judgment or summary adjudication and her granting those motions and her orders denying the appellee's Rule 59E and 60B motions merged into the summary judgment motion and became appealable at that time. The appellant's appeals were filed on June 11, and therefore, under Bankruptcy Rule 800283, the appellee's had until June 25, 2018, to file appeals of the Judge Saltzman's orders. Now, as the court knows, they had previously done this. They were non-appealable interlocutory orders, and ultimately, this panel dismissed those. But in any event, Your Honor, they did not file appeals of the partial summary adjudication or partial summary judgment or 59E or 60B motions. So are you saying they should have cross-appealed? No, no, no. I'm not saying they should have cross-appealed. What I'm saying is that because the Judge Saltzman's orders were orders for a partial summary judgment, there were claims that were remaining, and that is what is at issue here. On August 29, 2017, there was a status conference in the bankruptcy court on the basis of a status report that was filed by me on behalf of my clients. Both parties were supposed to file status reports. The appellees did not. I appeared on August 29, 2017. The appellees' counsel did not. The purpose of the hearing, the status conference on August 29, 2017, was for Judge Saltzman to hear from us as to what the remaining claims were to be tried based on the status report. We had the hearing. Based on the remaining claims, Judge Saltzman set the trial to resolve the remaining claims for December 4, 2017. There were three claims, and those claims are set out in my client's adversary complaints. With respect to Peter, it's paragraphs 31 through 33 and 35, and that's bankruptcy adversary case 16-01499. With respect to Richard Cavasi, they're paragraphs 33 through 35 and 37, and that's with respect to bankruptcy adversary case 16-01502. As this court knows, the non-appealable interlocutory appeals that were filed by appellees caused Judge Saltzman to take the trial date off calendar, so there never was a trial on those remaining claims. With respect to the motion for summary judgments that were filed, the question is whether or not those motions for summary judgments address those claims. And the answer is no. They did not address those claims. So to date, those claims, Your Honor, are unresolved, have not been adjudicated. So you're saying this whole thing is interlocutory? Did you bring a motion to dismiss it as premature? No, no, no, no. I'm not saying it's interlocutory. I'm trying to understand. Keep going, but I'm not. What's the implication of the fact that, in your view, those claims haven't been adjudicated? The implication is that they're remaining out there, and my clients are now in a position that they'll have to go back into the bankruptcy court and file adversary proceedings to get determinations as to whether or not those claims have been discharged. And they're not insubstantial claims. So doesn't that mean that if those claims are in the complaint and have not been adjudicated, doesn't that mean that there's no final judgment now in this case for us to appeal, review on appeal? Well, Judge Russell's orders purported to grant summary judgment resolving all of the claims. And that's what made it a final judgment. And as I said, Judge Saltzman's orders, the orders motion for partial summary adjudication and motions to design the 59E and 60 motions merged into the – Right. Right. And then so now we had a final judgment because without the summary judgment, there could not have been a final judgment with respect to Judge Saltzman's orders. So all the claims have been resolved now? Well, all of the claims except for the claims that were not resolved when Judge Saltzman decided that there would be a trial on December 4, 2017. It's one of two things. Either all the claims have been resolved, in which case we have a final appealable judgment, or they haven't, in which case we don't have a final appealable judgment. Which is it according – in your view? If you were to ask me my view, it would be no, they're not. But Judge Russell is the one that entered the order. And so I didn't have any control over that. My argument was in the trial court that those claims needed to be resolved. But Judge Russell entered the – When you say need to be resolved, are you saying there had to be a trial, that he couldn't resolve them on summary judgment? Or are you saying that he didn't resolve them at all because he certainly thinks he's resolved the case in its entirety? No, he didn't resolve them. They could have been resolved on the defendant if the appellees would have filed a motion for summary judgment with respect to those claims. But they did not. When you say they need to be resolved, one of the problems with this case is that there's claims at the bankruptcy level, in the classic claim sense, that would allow someone to recover from assets of the estate and that would otherwise be discharged and not recoverable from post-petition assets of the debtor. And then there are what I'll call intra-trust claims, isn't the word I want to use, but interactions that have to be resolved to – these claims that you say still need to be resolved, what are they? In the sense of are they – what Judge Saltzman did was she went through a variety of claims and said no in personam jurisdiction. This appeal appears to be about intra-trust interactions that will be resolved by recourse to the trust document, the probate court, and will be extant only in liquidating the value of the asset. The asset is there as they have it, but it's got to be valued or resolved in some fashion. So what – is that what you're talking about? You want those resolved in the bankruptcy court? No, no, no, no. The adversary complaints did not allege those claims. The adversary complaint only addressed the claims that were being made against my clients, pre-petition claims seeking to impose personal liabilities. And those are the claims that were in front of Judge Saltzman that were going to go to trial. She resolved several of the claims, as the court knows, but there were remaining claims, and that's why she set the matter for trial on December 4, 2017. When Judge Russell took the case over and they filed their motion for summary judgment, what I'm saying is they didn't address those claims. They didn't bring those claims up. So those claims are outstanding. But Judge Russell, when he granted the motions for summary judgment, he made it a full grant of summary judgment, and that was the end of it. And what I'm saying here is that those claims, the claims that have been alleged in my clients' adversary complaints, have not been resolved. So this puts my clients in a position of having to go back into the bankruptcy court and file adversary complaints. Sir, may I ask you a question? Is that your principal complaint on appeal, is that they're unresolved claims that were not resolved by the summary judgment? That's the core claim, Your Honor. That's your core claim. Yeah, the more broad claim is that these were not motions for summary judgment. They didn't identify any claims. They didn't identify any defenses. There are no material facts. When the court goes through the material facts, the material facts have to do exclusively with matters that will be resolved in the state court in front of the probate court. They have nothing to do with the determination of the dischargeability of the debt. They don't involve my client at all. What they are, they are claims by one non-debtor, a trustee, against another non-debtor, a trust. But don't they have to do with, I mean, Judge Saltzman's orders decide that certain claims were discharged. Yes. There's a second question. What does that mean? What is the scope of the discharge? Isn't that what Judge Russell decided? And why wasn't that covered by the complaint? The scope of the discharge, because all we were seeking is a determination of the discharge of particular debts, not the scope of the discharge. Well, you said in your complaint that there was an issue about trying to collect money from the trust. I mean, there was an allegation in the complaint about how the brother, was attempting to use these debts as a means of collecting money from the trust. And you sought injunctive relief with respect to that. And declaratory relief. And declaratory relief. So wasn't that before, Judge Russell? Well, that would have been. But that would have been with respect to the declaratory and injunctive relief claims. It wouldn't have had to do anything with the core claims of whether the claims were discharged or not. And that's what we're talking about here. And so, I mean. I'm going to say I'm sorry. I disagree with it. Those claims weren't resolved. I mean, you haven't convinced me. So I should be transparent because you're about at your five minutes. You haven't convinced me in a very long argument that everything hasn't been resolved. I don't think you briefed it with precision in front of this panel. And the way I read it, Judge Russell said everything, Judge Haltzman and Judge Russell were on the same page in saying in personam claims are discharged. If your clients win the lottery, the trust cannot sue them and recover the $900,000 or anything. And we're leaving the internal trust things, which is what you're talking about, at least to some extent in these paragraphs of the complaint that you mentioned, unresolved. So think about got to present it a different way because at least one of us is unconvinced. At this point, you've got four minutes and 45 seconds to go. I guess what I don't understand, Your Honor, is that you're saying that there are claims, there is no evidence at all that Judge Russell decided the claims that were remaining after Judge Haltzman entered the motion. He decided they weren't discharged. He decided the extent of the discharge, which was entirely appropriate, and then he did the entirely appropriate thing and said, what that means, you've got this other stuff that's intertrust, I'll leave that for another day. And I think that's appropriate. And just so I'm clear, Your Honor, when you say intertrust, you're talking about the state court trust? Yes. Okay, the state over which the bankruptcy court. There's only one trust. Yeah, over which the probate court has exclusive jurisdiction. Right. Okay, and what I'm saying is that those claims, they don't implicate anything in the bankruptcy court. The bankruptcy court couldn't care less about what the trustee is a non-debtor, the claims that trustee makes against the trust, which is a non-debtor. They don't have anything to do with the dischargeability of debts against my clients. The claims that my clients sought to have discharged are claims that the trustee sought to impose against their beneficial interest in the trust. That's a different thing, sir. That's the whole point, and I'm not convinced that you just said the critical thing you probably should have been saying the whole time, which is why the beneficial interest of the trust is something that at that level is something, you know, where was the error in Judge Russell's analysis? He didn't. Judge Russell didn't address that at all. He said it's not discharged. It will be resolved in the trust. He did address it. He said what was not discharged, Your Honor? He said the intratrust relationship issues were not discharged. All that was discharged was in personam liability. Okay. And so in the state court what we're talking about are claims by the trustee against the trust. How do those claims implicate my ---- They're not claims by the trustee. By the trust trustee, not the Chapter 7 trustee. Yes, by the state court trustee against the trust. They don't implicate my clients at all. He can make all of those claims he wants, just so long as he cannot make claims against my client's beneficial interest in the trust. And those were what were the remaining claims in front of Judge Saltzman that were not resolved. Judge Russell did not deal with those issues. And neither race judicata claim preclusion or collateral stop issue preclusion is going to hold up if my clients have to go back into the bankruptcy court and seek determinations as to whether those debts are discharged because they were not resolved by Judge Russell. According to you, Your Honor, if I understand your characterization, intratrust claims, those were the only claims that were resolved. Your Honor, if you stop, you have two minutes for rebuttal. Why don't you do that? Thank you. Do we have two litigants here, or have you divided up your time? I'm sorry, Your Honor? Have you divided up your time, or do we just have one presentation? Just one presentation. Please proceed. You have 15 minutes. Good morning. I'm Matthew Lesnick of Lesnick, Prince and Pappas. Are we dealing with a final judgment? Sorry? Is there a question as to whether this is a final judgment? Are there unresolved claims out there? To my knowledge, this is a final judgment, and I'm not even sure that issue was actually covered in the briefs. I'm not actually sure what the argument is, and if there are claims that are unresolved, I don't know what they are. I think this is fairly straightforward. We have two orders entered by the bankruptcy court. The first was the order granting the motion for summary adjudication by Judge The second, the question came up at the status conference, and Judge Russell says, okay, well, it's obvious. Those are discharged debts. We know that. We know that the in personam liability is discharged, and the trustee appellee can't pursue the appellants individually. But beyond that, what does the discharge mean? And the argument was made at the status conference and in some pleadings filed in other forums that were brought to the bankruptcy court's attention that appellants were taking the position that the discharge went well beyond that and meant something additionally, and that it would have an effect on discharging obligations of the trust. Did it actually work to modification of the trust indenture or trust document? Correct. So Judge Russell invited us to file a motion for summary judgment to clarify what is the scope of the discharge injunction, and that's exactly what we did. And what we argued was that it does not discharge the liability of any non-debtor parties. It does not discharge claims by appellee against the trust, and it does not discharge the surcharge that the state court had permitted against the appellant's beneficial interests. And so that's what was briefed in the bankruptcy court. And Judge Russell heard argument and considered the briefs on that and issued his detailed findings of fact and conclusions of law. I mean, couldn't you make at least a theoretical argument that that's not the right court to make that decision? I mean, typically a bankruptcy court determines whether a debt is discharged as primary jurisdiction. But if you think about it, if you've got a we're going to litigate in, say, a state court whether some conduct falls within the scope of the discharge, that court would initially decide what the conduct is, make its findings a fact, and wouldn't it have jurisdiction to determine whether that debt had been discharged? The discharge injunction is an injunction of the bankruptcy court. I think the bankruptcy court always has jurisdiction to define and clarify the scope of its own injunction. Before the conduct is determined? I'm sorry? Before the conduct is litigated? Kind of a prospective ruling as to what if this is what we're talking about, then it's going to be discharged? Well, at the time a court issues an injunction, it can issue the injunction with a great deal of specificity if it chooses to. And I think what the court did here is say, here's what the bankruptcy court's injunction specifically means in the context of this case, and this is what I'm enjoining and this is what I'm not enjoining. And I think that's appropriate. And I think the court clearly has jurisdiction to define and clarify the scope of its own injunction. Did they request that specificity in the complaint? In their declaratory relief causes of action and in their own injunction causes of action, did that implicate what you're just saying? Well, this case is a little unusual in the fact that you don't see, at least in my experience, a lot of declaratory relief actions about the scope of the injunction in the first place. And so the whole fact that the declaratory relief action was filed in order to get clarity about what was enjoined and what wasn't enjoined and all the issues of the complaint raises all of these obligations that came up in the state probate court proceeding. And so clearly what the entire point of the adversary proceeding was is to try to figure out what is the interplay between the bankruptcy court injunctions and the state court probate proceedings, and what effect, if any, does the bankruptcy court injunction have on the probate court proceeding. I think that's helpful for the probate court to know what it should and shouldn't or can and can't do with respect to the administration of the trust. So that is what this case is about. That is the core of what this case is about, to argue that the bankruptcy court doesn't have the jurisdiction to issue an order clarifying what the injunction means, what its own injunction means, when it was raised by the debtors and they've asked the court to issue a declaratory relief order on that, I think is surprising. And, again, I think the underlying general principle in this case is fairly simple, which is that the discharge injunction protects and discharges obligations of the debtors in the bankruptcy court, does not discharge obligations of non-debtor parties. And it's also, I think, a fairly straightforward principle that a trust, much like a corporation or a bankruptcy estate, has to pay its expenses of administration before it distributes money to its beneficiaries or the shareholders or the creditors in a bankruptcy case. Did the trust document specify? The trust document does specifically set that out, and we cited that in our brief, the exact section. And those will be issues the probate court will be. The bankruptcy court didn't get within the trust to say what will happen. It just said there's no modification to the trust. My word's not Judge Russell's. There's no modification to the trust contract. The discharge didn't affect it. It'll be worked out however it's worked out. Correct. And all of the questions about what expenses of the trust should and shouldn't be allowed or are appropriate are questions that are still being litigated in the probate court and have been for years. And there have been trials and accountings and evidence submitted. And it's not – I don't think either side is saying it's appropriate for the bankruptcy court to interfere with the inner workings of the trust or determinations of what expenses should and shouldn't be allowed. The purpose of this adversary proceeding and this summary judgment is to say the discharge doesn't affect those questions and the probate court doesn't need to concern itself with the discharge when deciding whether or not the trust owes money to reimburse the trustee for expenses, for example. In response to the argument that he was making, which I'm going to ask him where it is in his brief on appeal, his opening brief on appeal, because it seems to me a slant from the many arguments that were made, what – is what he was arguing these issues that you've just talked about, the intra-trust – I'm calling them intra-trust issues, but I – what claims is he, in your understanding, alleging are not resolved? I don't know. And, in fact, even before we brought this motion for summary judgment and the bankruptcy court had set a trial date, the question that we had had, and we had raised it with the court and we had raised it with the opposing counsel, is what is the trial going to be about? What are the questions of fact that the bankruptcy court would even – what are the disputed facts? And even in this motion for summary judgment, as we pointed out, there were – I think we had 24 – I think it was 24 facts listed in our statement of undisputed facts. Twenty-one of them were undisputed. The other three were only slightly disputed but not particularly material. And if we were to have a trial, I honestly don't know what the trial would be about and what the purpose of it would be. There really – this is – and all the briefing shows, this is not a dispute about the facts. There really – this is a question of law. What does the discharge mean in relation to – how does it relate to the probate proceeding in state court? So I don't understand that argument, and I'm afraid I can't offer a better answer than that. Unless the panel has additional questions, I have nothing further. Thank you. Your Honor, that is exactly my point. The claims that he just went over, that's not in our complaint. What you're referring to, Judge Taylor, as intra-trust claims, those are – yeah, no issue here. Those are completely – those are decided by the probate court. The question here is whether or not the claims that they are seeking against my clients to impose personal liability against my client's beneficial interest in the trust have been resolved. And the answer to that is no. When you talk about in personam, those claims have not been completely resolved, Your Honor. There are three claims, and they total $576,000 – $576,364.24. Three claims against my clients. They are pursuing against my clients. So what this means – and reduce your client's distributive share on account of that. Is that what you mean by – Exactly, Your Honor. Okay. Making surcharge claims. And you're saying that violates the discharge? Yeah, because the claims are pre-petition claims, and they seek to impose personal liability. And as you go through, Judge – How do they seek to impose personal liability? Because they will destroy my client's beneficial interest in the trust. In other words, what they're trying to do is shift the expenses. He's saying that my clients cause these expenses based on their pre-petition conduct. And if he does that, what it means is that my clients will bear the burden of all of these expenses. I understand it will cost your clients money, but I don't understand that as being the same as imposing personal liability. But that is exactly what Judge Salzman found. When you go through, she found that. When you impose a judge – when you seek to destroy my client's beneficial interest – Chief, can you point to a point in the transcript? Because I'm quite positive she did not say that. No, but she went through it point by point, Your Honor. And it's in my – I've read the transcript. Where do you think she said that? What she said was – No, where in the transcript do you think she said that? I don't have the transcript right with me, but it is the hearing on July 11, 2017. That is the transcript. And she goes through it, and she said, I understand that there's an argument being made that these are trust expenses. She said – and she goes, No, but I'm referring to the appellee Robert Cavasi's declaration, and what they are seeking to do is impose a personal liability against my clients. And therefore, she decided that those were discharged debts. Judge Salzman, point by point, she considered it, and it's an argument they made in opposing our motion for summary adjudication, is that what they were saying is, Oh, no, these are trust claims. And Judge Salzman said, No, I understand you're making that, but based on the declarations filed by Robert Cavasi in the state court in which he is seeking to surcharge my client's beneficial interest, which would shift the burden to my clients and wipe out my clients. Counsel, I'm sorry for interrupting you, but there's never any period to your statement, so I can't wait for you. Your time is up. This case is now submitted to the court. We'll issue an opinion. Thank you very much. Thank you.
judges: Kurtz, Taylor, and Faris